**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARBJIT SINGH MEHROK, | No. 09-71604 |
| Petitioner, | Agency No. A079-281-708 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2013[**]
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Sarbjit Singh Mehrok, native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals (BIA), affirming the Immigration

Judge's (IJ) denial of withholding of removal and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

1.      We lack jurisdiction to review Mehrok's claim that his asylum application was not time-barred. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). The IJ and BIA denied Mehrok's initial applications for asylum, withholding of removal, and protection under CAT. In April 2005, Mehrok appealed the denial; we dismissed as unreviewable the petition as to his untimely asylum claim but remanded for further proceedings his withholding of removal and CAT claims. *See Mehrok v. Gonzales*, 125 F. App'x 163 (9th Cir. 2005). On remand to the IJ, Mehrok did not re-raise the asylum issue. When appealing the IJ's new decision as to withholding of removal and CAT, Mehrok re-raised the asylum issue to the BIA, but the BIA did not address it. Because Mehrok failed to raise the claim to the IJ, the issue was not properly before the BIA. *See In re J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (B.I.A. 2007) ("Because the respondent failed to raise this claim below, it is not appropriate for us to consider it for the first time on appeal."); *see also Barron*, 358 F.3d at 678. Accordingly, we dismiss the petition as to Mehrok's asylum claim because it is unexhausted.

2.      Substantial evidence supports the BIA's determination that Mehrok failed to establish eligibility for withholding of removal. The government rebutted

Mehrok's fear of future persecution with evidence from country reports. After reviewing the country reports, the IJ made an individualized analysis and evaluated Mehrok's risk of future persecution—the IJ's denial of withholding of removal was adopted and affirmed by the BIA. The BIA's conclusion, that Mehrok does not have a risk of future persecution given that he was not even a member of the Akali Dal Mann organization, is supported by the record and the evidence does not compel a contrary conclusion. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004); *see also Berroteran-Melendez v. INS*, 955 F.2d 1251, 1257 (9th Cir. 1992).

3.      Substantial evidence supports the BIA's determination that Mehrok failed to establish eligibility for protection under CAT. The country reports indicate that Punjab police continue to target high-profile members of Akali Dal Mann. However, Mehrok is not even a member. Accordingly, the evidence does not compel a conclusion that Mehrok would more likely than not be tortured if he was returned to India. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747–48 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**